**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115556

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cathy Faust, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Receivables Performance Management LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cathy Faust, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Receivables Performance Management LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Cathy Faust is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Receivables Performance Management LLC, is a Washington Limited Liability Company with a principal place of business in Snohomish County, Washington.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 15, 2017. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. The written notice must contain the amount of the debt.

19. The written notice must contain the name of the creditor to whom the debt is

owed.

20. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

21. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

22. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

24. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

25. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

26. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

27. There is no requirement that the consumer dispute the debt in writing.

28. It is a violation of FDCPA to require disputes be made in writing.

29. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

30. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

31. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

3

32.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

33.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

34.     The Letter states, "If you have any questions or need assistance, please call TOLL FREE 855.268.4094.  **We are not obligated to renew this offer.**" (Emphasis in original).

35.     Allowing a consumer to dispute a debt by telephone is not an offer, but is a right under the FDCPA.

36.     Allowing a consumer to dispute a debt by telephone is not an offer that must be renewed by a debt collector.

37.     The statement that, "We are not obligated to renew this offer," in the above context, could lead the least sophisticated consumer to believe that Defendant's is not obligated to renew it offer to allow Plaintiff to dispute the debt by calling the number.

38.     The statement that, "We are not obligated to renew this offer," in the above context, could lead the least sophisticated consumer to believe that Defendant's is not obligated to accept disputes by telephone.

39.     The statement that, "We are not obligated to renew this offer," in the above context, would make the least sophisticated consumer unsure as to her right to dispute the debt by telephone.

40.     The statement that, "We are not obligated to renew this offer," in the above context, would confuse the least sophisticated consumer as to her right to dispute the debt by telephone.

41.     "We are not obligated to renew this offer," in the above context, overshadows the required 15 U.S.C. § 1692g(3) statement.

42.     "We are not obligated to renew this offer," in the above context, contradicts the required 15 U.S.C. § 1692g(3) statement.

43.     "We are not obligated to renew this offer," in the above context, when examined from the perspective of the least sophisticated consumer, overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

4

44. "We are not obligated to renew this offer," in the above context, when examined from the perspective of the least sophisticated consumer, contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

45. "We are not obligated to renew this offer," in the above context, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

46. "We are not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g.

47. "We are not obligated to renew this offer," in the above context, violates 15 U.S.C. § 1692g(a)(3).

48. "We are not obligated to renew this offer," in the above context, violates 15 U.S.C. § 1692g(b).

49. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

53. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

54. "We are not obligated to renew this offer," in the above context, can be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

55. "We are not obligated to renew this offer," in the above context, can be read by the least sophisticated consumer to mean that Defendant is not obligated to renew the offer to accept calls from Plaintiff.

56. "We are not obligated to renew this offer," in the above context, can be read inaccurately by least sophisticated consumer.

5

57. The Letter, as a result of the foregoing, is deceptive.

58. The Letter, as a result of the foregoing, constitutes a deceptive means to attempt to collect the Debt.

59. The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e.

60. The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e(10).

## **CLASS ALLEGATIONS**

61. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt by sending an initial communication that includes the statement "If you have any questions or need assistance, please call TOLL FREE 855.268.4094. **We are not obligated to renew this offer**" (Emphasis in original), from one year before the date of this Complaint to the present.

62. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

63. Defendant regularly engages in debt collection.

64. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending an initial communication that includes the statement "If you have any questions or need assistance, please call TOLL FREE 855.268.4094. **We are not obligated to renew this offer**" (Emphasis in original).

65. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

66. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their

interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

67. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: December 13, 2018

                                      **BARSHAY SANDERS, PLLC**

                                      By: _/s/ *Craig B. Sanders*_____
                                      Craig B. Sanders, Esq.
                                      100 Garden City Plaza, Suite 500
                                      Garden City, New York 11530
                                      Tel: (516) 203-7600
                                      Fax: (516) 706-5055
                                      csanders@barshaysanders.com
                                      *Attorneys for Plaintiff*
                                      Our File No.: 115556